```
                     UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:06-CR-00010 |
|  | : |  |
| v. | : |  |
|  | : | **ORDER** |
| ROBERT HORNE | : |  |
|  | : |  |

This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea and Withdraw as Counsel (doc. 42), and the Government's Response (doc. 43). As the Court stated orally during Defendant's sentencing hearing on January 10, 2007, the Court DENIES Defendant's motion to withdraw his guilty plea. Upon further consideration, however, the Court GRANTS Defendant's Counsel's Motion to Withdraw as Counsel.

**I. Discussion**

On January 5, 2007, Defendant Robert Horne filed a motion asking the Court to allow Defendant to withdraw his plea of guilty, and that his counsel, C. Ransom Hudson, be permitted to withdraw pursuant to § 83.4(d) of the Local Rules of the United States District Court for the Southern District of Ohio (doc. 42).

**A. Motion to Withdraw Guilty Plea**

In support of the motion to withdraw his plea, Defendant avers that the offense to which he pled guilty was not an offense

as set forth in the indictment (Id.). Defendant contends that the language in his plea agreement, as well as the language used during the taking of his guilty plea, was "possession of a firearm during and in relation to a drug trafficking offense" while he was indicted for "possession of a firearm in furtherance of a drug trafficking offense" (Id.). The statute in question is 18 U.S.C. § 924(c)(1), which criminalizes: (1) using or carrying a firearm during and relation to a drug trafficking crime and (2) possession of a firearm in furtherance of a drug trafficking crime. (Id., citing United States v. Combs, 369 F.3d 925, 930-33 (6th Cir. 2004)). Defendant contends that the language used in the plea agreement and during the taking of the plea is a hybrid of § 924(c)(1) and sufficiently distinct from the language used in the indictment to render the guilty plea defective (Id., citing in support, United States v. Savoires, 430 F.3d 376, 379 (6th Cir. 2005)). Further, Counsel for Defendant states that he failed to inform Defendant at the time of plea that he possibly qualified as a "career offender" (Id.).

In opposition, the Government contends that any misstatement of the statute in the plea agreement does not warrant withdrawal of the plea (doc. 43). The Government argues that Defendant was made aware of the elements of the offense he was charged with and that he pled guilty to, and that the proper elements were discussed during the plea colloquy (Id.). Further,

the Government states that "any misconception the defendant had about his potential sentence at the time of entering his guilty plea...was corrected at his plea colloquy" (Id.).

Rule 11(d)(2)(B) gives the Court discretion to allow a defendant to withdraw a plea of guilty if that defendant has demonstrated a "fair and just" reason. The Court is to assess seven factors in making this determination:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system, and
>
> (7) any potential prejudice to the government if the motion to withdraw is granted.

United States v. Bashara, 27 F.3d 1174 (6th Cir. 1994).

Having reviewed this matter, the Court does not find that Defendant has demonstrated a fair and just reason for granting withdrawal. Defendant was properly indicted for a violation of 18 U.S.C. § 924(c)(1), signed a plea agreement indicating his guilt to

§ 924(c)(1), and pled guilty in open court to § 924(c)(1). The elements of the crime Defendant was indicted for were the same elements that were discussed during the plea colloquy. The Court is not persuaded that the relatively minor differences in language between the indictment and the plea agreement render Defendant's guilty plea defective.

Further, the Court does not find the fact that Defendant's Counsel misadvised him of the possible length of his sentence grounds for allowing a withdrawal of his plea. As the Government states in their brief, Defendant was given proper notice of his criminal record, and when he entered his plea of guilty, he advised the Court that he was aware of the impact the guidelines might have on his potential sentence (doc. 43). Therefore, the Court finds it proper to deny Defendant's motion to withdraw his guilty plea.

### B. Motion to Withdraw as Counsel

Counsel for Defendant further moves the Court for an order allowing Counsel to withdraw from representation (doc. 42). Counsel avers that irreconcilable differences have arisen that prevent Counsel from effectively representing Defendant (Id.). The Government did not oppose Counsel's withdrawal in their brief (doc. 43). Despite the Court's initial pronouncement denying this motion, the Court now finds Counsel's request well-taken, and will allow Counsel to withdraw.

**II.  Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Withdraw his guilty plea and GRANTS Defense Counsel's Motion to Withdraw as Counsel (doc. 42).  The Court ORDERS the Magistrate Judge to appoint a CJA to represent Defendant.  The appointed CJA is ORDERED to make an appearance on Defendant's behalf, and the matter will be rescheduled for sentencing at that time.

SO ORDERED.

Dated: January 11, 2007            s/S. Arthur Spiegel                     

                                   S. Arthur Spiegel
                                   United States Senior District Judge