UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:06-CR-00010 |
| | : | |
| | : | |
| v. | : | |
| | : | **OPINION and ORDER** |
| | : | |
| ROBERT HORNE | : | |
| | : | |

This matter is before the Court on Robert Horne's pro se
Motion to Vacate under 28 U.S.C. §2255 (doc. 66), the Government's
response (doc. 69), Horne's pro se motion for an evidentiary
hearing (doc. 70), Horne's pro se motion to amend or supplement his
motion to vacate (doc. 71), Horne's pro se motion to amend the
motion to vacate (doc. 74), Horne's brief in support of re-
sentencing, filed by appointed counsel (doc. 82), and the
Government's response (doc. 83).  The Court GRANTS Horne's motions
to amend his 2255 motion (docs. 71 and 74) and considered the
arguments made therein.  However, because an evidentiary hearing is
not necessary for the Court to reach its decision here, the Court
DENIES that motion (doc. 70).  Finally, for the following reasons,
the Court DENIES Horne's 2255 motion (docs. 66).

## I.  Background

On April 11, 2006, Robert Horne pleaded guilty to Count
Three of an indictment issued on January 18, 2006, which count was
possession of a firearm in furtherance of a drug trafficking

offense for which he could be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c)(1). The facts of the conviction, to which Horne admitted, are more fully detailed below but briefly are that Horne was gathered with a group of people in the breeze-way of a building in a high-drug-crime area in the early morning hours. Police stopped to investigate, asked Horne whether he had anything on him, to which he replied that he did not and they could check. Police then proceeded to search Horne, whereupon he fell to his knees. Police found a firearm in his waistband, and in a search pursuant to booking measurable quantities of cocaine base were found in his shirt sleeve pocket and his shoe.

Horne filed three motions to withdraw his guilty plea (docs. 35, 42, 51), each of which was denied. On March 27, 2007, the Court sentenced Horne to 262 months of imprisonment followed by 5 years of supervised release after finding that Horne qualified for career offender status under section 4B1.1(a) of the sentencing guidelines because he was at least 18 years old at the time he committed the 924(c) offense; the 924(c) offense was a felony that was either a crime of violence or a controlled substance offense; and Horne had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Horne then appealed, contesting the Court's denial of his motion to suppress, the denial of his motions to withdraw his guilty plea, and the reasonableness of the sentence of 262 months. United States v.

2

Horne, 313 Fed. Appx. 788 (6th Cir. 2008). The Sixth Circuit affirmed the Court's decisions. Id. at 795. Horne then filed the instant 2255 motion to vacate on November 19, 2009 (doc. 66). On motion of the Government, the Court appointed counsel to assist Horne with his motion (doc. 80). Appointed counsel then filed the instant "Brief in Support of Re-sentencing" (doc. 82). The motions are now ripe for the Court's consideration.

## II.  The Motions

Horne's pro se Section 2255 motion to vacate is premised on five grounds: (1) that the facts do not support his guilty plea because he merely possessed the firearm and small quantities of drugs for personal use, which is not a violation of 18 U.S.C. § 924(c)(1); (2) that the government failed to establish that he "knew that he was committing a crime"; (3) that the police did not have probable cause to search him; (4) that the consent he gave to be searched was not valid because "he was under the firm belief that he was not doing anything wrong and had nothing to hide" and that when he fell to his knees and then kept his knees bent when the officers tried to make him stand up he was "clearly indicating that the consent had been withdrawn"; and (5) that he received ineffective assistance of both trial and appellate counsel when they failed to object to the 21 U.S.C. § 851 enhancement to his sentence (doc. 66).

In his addendum to his 2255 motion, Horne asserts that

3

his trial counsel was ineffective because his counsel allowed him to enter a guilty plea where there was no factual basis for the plea, and the elements of the offense were not explained to him by either his counsel or the Court (doc. 71). In addition, Horne asserts that his trial counsel was ineffective by allowing his sentence to be enhanced without first forcing the Government to prove that Horne was actually convicted of two controlled substance offenses (Id., citing Taylor v. United States, 495 U.S. 575 (1990)). Specifically, Horne contends that his trial attorney did not object to the use of his prior convictions, the Government did not produce the statutes of conviction, and the Court could not then be sure that Horne's prior drug convictions actually qualified as convictions for the purposes of enhancing his sentence under Guideline 4B1.1 (Id.).

Further, in his motion to amend his Section 2255 motion, Horne contends that new case law clarifies his position and points the Court to United States v. Maye, 582 F.3d 622 (6th Cir. 2009), where the Sixth Circuit vacated a 924(c) plea because the panel found that the defendant would not have pleaded guilty had he been properly informed that something more than just the existence of the gun on the premises was necessary for a 924(c) conviction (doc. 74). Horne contends that his situation is similar to that presented in Maye, and the Court should thus grant his 2255 motion (Id.). Finally, Horne requests an evidentiary hearing in order to

4

allow the Court an opportunity to ask questions of him, his counsel and the Government regarding the "disputed facts" in this matter (doc. 70). Based on the affidavit attached to that request, those disputed facts appear to be that Horne was not advised by his trial counsel that a factual basis for a 924(c) conviction did not exist, that the Government would have to have proved that he committed the underlying crime, and that <u>Taylor</u> should have been followed (<u>Id</u>.).

Horne's counsel takes the position that the use of Horne's prior conviction for sexual battery to enhance his sentence as a career offender was improper because sexual battery is not categorically a qualifying prior conviction (doc. 82).

The Government contends that Horne is merely trying to relitigate issues that have already been decided by this Court and upheld by the Sixth Circuit (doc. 69). Specifically, the Government notes that the Sixth Circuit sustained the Court's denial of Horne's motion to suppress and his motions to withdraw his guilty plea. The former was based on Horne's contention that the police lacked reasonable suspicion to conduct the <u>Terry</u> stop and that he had not given consent for the search. His three motions to withdraw his guilty plea were premised on his contention that his trial counsel was ineffective when he failed to accurately inform Horne of the potential sentence Horne faced. The Sixth Circuit concluded that the police had reasonable suspicion to conduct a <u>Terry</u> stop and that the Court's determination that

5

Horne's consent to search was voluntary was not clear error.
United States v. Horne, 313 Fed.Appx. 788, 791-93 (6th Cir. 2008).
Because the issues of consent, probable cause and a knowing and
voluntary plea have been reviewed and decided by the Sixth Circuit,
the Government argues that Horne's 2255 motion is improper (doc.
69). Further, the Government notes that Horne never objected to
the facts contained in the plea agreement, never argued that the
elements of the crime were not met, and never argued that the drugs
were for his own personal use and not for sale (Id.). With respect
to Horne's counsel's argument that the sexual battery conviction
was inappropriately used to enhance Horne's status to career
offender, the Government argues that, while sexual battery in Ohio
is not categorically a crime of violence, in this case it was
properly found to be because Horne sexually assaulted his four-
year-old daughter. Consequently, the Government argues that
Horne's motions should be denied.

**III. Discussion**

> **A.    The factual basis, Horne's knowledge, probable
>         cause, and the essential elements**

        The Court is persuaded that even if Horne had not long-
since waived any arguments regarding whether he committed the
underlying offense of drug trafficking, his arguments fail on the
merits. A 924(c) conviction requires in relevant part that the gun
be possessed in furtherance of a drug trafficking crime, which is
defined as any felony under the Controlled Substances Act, 21

U.S.C. § 801 et seq.  18 U.S.C. § 924(c)(1)(A).  Horne contends
that the cocaine base found on his person was for his personal use
and that the Government offered nothing to show that he had the
requisite intent to distribute the drug.  However, the facts
admitted to by Horne are sufficient to provide a factual basis for
the underlying drug trafficking crime that informed his 924(c)
charge.  These facts include that he had a .38 caliber Charter Arms
revolver with five live rounds in his waistband and a measurable
amount of cocaine base in his right sleeve shirt pocket and in his
shoe (doc. 26).  He was found in an area so known for a high rate
of drug trafficking and violent crime that the building's owner had
requested that police regularly investigate loitering individuals
to determine if they were residents of the building (Id.).  Horne
was one of a group of individuals loitering in the breeze-way and
ducked behind the others when the officers approached the group
then first told police they could frisk him then tried to impede
the frisk by falling to the ground (Id.).  Upon his arrest, Horne
told the officers that people are always trying to rob and assault
him so he bought the gun for protection (Id.).  This combination of
facts provides a sufficient basis for finding that Horne had the
intent to distribute the cocaine base.  Not only was he found with
a measurable amount of contraband but he was loitering with a group
of people in an area known for drug trafficking in the middle of
the night, and he reported he is "always" being assaulted and

robbed.  These are hallmarks of drug trafficking.  See United States v. Roberts, 986 F.2d 1026 (6th Cir. 1993); United States v. Clark, 928 F.2d 733, 736 (6th Cir. 1991)(noting that the quantity of contraband is not an element of 21 U.S.C. § 841(a)(1) and to sustain a possession-with-intent-to-distribute charge the evidence must show at least a measurable amount).

Similarly, Horne's argument that the government failed to establish that he "knew that he was committing a crime" is unavailing.  If he means to say that the Government needed to have proved that he knew that possessing a gun in furtherance of a drug trafficking crime was illegal, his argument fails because knowledge of the illegality of that act is not an element of the crime, and the Government is simply not required to establish his knowledge of the crime he committed.  If Horne means to say that he did not know it was a crime and therefore his plea should be vacated because the plea could not have been a knowing one, his argument fails both because that misapprehends the concept of a knowing plea and because ignorance of the law is no defense to a crime.  See Cheek v. United States, 498 U.S. 192, 199 (1991).

Horne contends that the police did not have probable cause to search him and that the consent he gave to be searched was not valid because "he was under the firm belief that he was not doing anything wrong and had nothing to hide" and that when he fell to his knees and then kept his knees bent when the officers tried

8

to make him stand up he was "clearly indicating that the consent had been withdrawn." These arguments are repetitious of the arguments Horne unsuccessfully made before the Sixth Circuit, and, as the Government noted, a 2255 motion "may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). No such circumstances are present here.

In addition, Horne's contention that he was not informed of the essential elements of the crime to which he pleaded is belied by the record. The elements of the offense were filed and read at the change of plea hearing and specifically included that "the Defendant committed the crime of Intent to Distribute a Schedule I Controlled Substance, to wit: Cocaine" (doc. 27). Horne's reliance on Maye is misplaced. Very much unlike Maye, Horne had the loaded gun on his person and was informed of the elements of the crime to which he pleaded. See 582 F.3d 622. Thus, the Court finds Horne's claim that he was not told of the essential elements of the 924(c) charge not well-taken.

As discussed above, the Court is not persuaded by Horne's arguments presented in his 2255 motion and the supplemental motions regarding the factual basis for the plea, Horne's knowledge of the crime, the existence of probable cause, and the essential elements having been presented to him. The Court now turns to the career-offender enhancement.

9

**B.    The  career-offender  enhancement  was  properly applied**

Horne asserts that he received ineffective assistance of both trial and appellate counsel when they failed to object to the career offender enhancement, and his current counsel argues that the sexual battery prior felony used for the enhancement is not a felony that can be used for that purpose (docs. 71, 82). Specifically, Horne relies on <u>Taylor v. United States</u>, 495 U.S. 575 (1990) for his position that his prior drug convictions were not enhancement-qualifying convictions (doc. 71).  Horne's counsel argues that his prior conviction for felonious sexual penetration/sexual battery was not an enhancement-qualifying conviction (doc. 82).

Regarding the ineffective assistance claim, the Court finds that counsels' performance was not deficient.  As detailed in the presentence report, Horne had a prior felony conviction for aggravated drug trafficking in violation of Ohio Revised Code § 2925.03.  Neither he nor his counsel made any objections to the facts contained in the presentence report despite being explicitly asked.  Section 2925.03 of the Ohio Revised Code proscribes not mere possession, as Horne appears to insinuate, but clearly and unambiguously applies to the sale or offer to sell a controlled substance.  O.R.C. § 2925.03 ("No person shall knowingly...sell or offer to sell a controlled substance....").  A violation of that section of the Ohio code is a felony.  Under <u>Taylor</u>, it is

10

categorically clear that Horne was convicted of a drug trafficking offense that qualifies as an enhanceable offense under 4B1.1. Consequently, counsel were not ineffective for failing to object to the use of that conviction for enhancement purposes. See, e.g., Lockhart v. Fretwell, 506 U.S. 364, 382 (1993)("[I]neffective-assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under Strickland's first prong....").

Regarding counsel's objection to the use of Horne's conviction for sexual battery, the Court finds that it was properly used to enhance Horne's status to that of career offender. Horne was charged in an indictment in 1994 with felonious sexual penetration in violation of Ohio Revised Code 2907.12 but ultimately pleaded guilty to sexual battery. Section 2907.03 of the Ohio Revised Code makes it a felony, in relevant part, to engage in sexual conduct with another when the offender is the other person's natural or adoptive parent. O.R.C. § 2907.03.

A prior conviction constitutes a "crime of violence" under the guidelines if the crime was "punishable by imprisonment for a term exceeding one year," and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury

11

to another.  U.S. S.G. § 4B1.2(a).  To determine whether a prior conviction constitutes a "crime of violence," courts apply the categorical approach set forth in Taylor as further detailed in Shepard v. United States, 544 U.S. 13 (2005) and Begay v. United States, 553 U.S. 137 (2008).  See United States v. Wynn, 579 U.S. 567, 571 (6th Cir. 2009).  When the statutory definition of the prior crime is ambiguous, courts may examine "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  Shepard, 544 U.S. at 26.

Using this approach, the Sixth Circuit concluded that Ohio's sexual battery statute is not categorically a crime of violence because it criminalizes conduct such as a relationship between a stepmother and her adult stepson that may not necessarily involve a serious potential risk of physical injury to another. Wynn, 579 F.3d at 574.  Therefore, courts must look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" in order to ascertain whether the defendant charged with sexual battery in Ohio committed a crime of violence.  In Wynn, the Sixth Circuit found that factual recitations in a presentence report could not be

relied on in order to ascertain this.  <u>Wynn</u>, 579 F.3d at 576.
Here, however, the Court did not rely on the facts presented in the
presentece report, although it bears repeating that Horne did not
object to any facts presented therein. Instead, Horne's own
statements confirm that he committed a crime of violence.  <u>See</u>
<u>Shepard</u>, 544 U.S. at 24 (noting that defendant's own admission
confirm factual basis for a valid plea).  At his 2007 924(c)
sentencing, Horne, under oath, stated, "[W]hen I was charged with
the sexual battery charge, it was 1994...[M]y daughter, she was the
victim...She'll be 18 years old in June."  With this, Horne
admitted to having committed sexual battery against his daughter
when she was four years old.  The Court has no problem finding that
to be a crime of violence.

As discussed above, therefore, the Court finds Horne's
argument regarding ineffective assistance of trial and appellate
counsel unpersuasive and his counsel's argument regarding the
propriety of Horne's sentencing enhancement unavailing.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Horne's 2255
motion.

SO ORDERED.

Dated: 1/4/11

S. Arthur Spiegel
United States Senior District Judge

13